954 So.2d 43 (2007)
LANDMARK TOWERS, LLC, and Aequicap Insurance Company/Claims Control, Appellants,
v.
Francisco IBARGUEN, Appellee.
No. 1D06-607.
District Court of Appeal of Florida, First District.
March 13, 2007.
Rehearing Denied April 26, 2007.
*44 H. George Kagan of Miller, Kagan, Rodriguez & Silver, P.L., West Palm Beach, for Appellants.
Barbara B. Wagner of Waggenheim & Wagner, P.A., Fort Lauderdale; and Rodrigo L. Saavedra, Jr., Fort Lauderdale, for Appellee.
THOMAS, J.
Appellants-Employer/Carrier (E/C) appeal the Judge of Compensation Claims' (JCC) determination that Claimant's workplace injury is the major contributing cause of his need for knee surgery. Although we might reach a different result were we the factfinder, we cannot exercise that authority and must affirm because the JCC's conclusion is supported by competent, substantial evidence.
Claimant was injured when an air conditioning unit he was installing fell on him. E/C accepted the accident as compensable, but denied further treatment, contending that Claimant's preexisting osteoarthritis was the major contributing cause of his current need for knee replacement surgery.
Testimony at the merits hearing established that knee replacement surgery was medically necessary only because Claimant had ongoing knee pain and evidence of arthritis. Claimant testified that he had no pain before the workplace accident and was able to fully perform his duties as a maintenance worker. E/C introduced an emergency room record, admitted only as fact evidence, showing that Claimant received emergency room treatment one time in 1988. Claimant then admitted that a knee inflammation precipitated this visit, but said this was a minor injury, explaining that he occasionally had pains requiring emergency room visits due to his work as a manual laborer. Claimant testified that this was his only occurrence of knee pain before the accident. No other records were introduced showing that he received treatment at any other time on his knee, and the JCC found that any knee pain Claimant suffered was resolved shortly after the emergency room visit.
The JCC accepted the testimony of Dr. Babak Sheikh, orthopedic surgeon, that the workplace accident is the major contributing cause of Claimant's need for surgery. Dr. Sheikh testified that he based his opinion on Claimant's self-reported asymptomatic history of knee pain and admitted that if medical records showed that Claimant had received prior treatment for arthritis, such as injections, his opinion might change. E/C argues that Dr. Sheikh's conclusion regarding major contributing cause was not based on logic and reason, and thus must be rejected.
While we might disagree with the JCC's conclusion regarding major contributing cause and choose to accept other medical testimony introduced below which conflicts with Dr. Sheikh's testimony, we cannot substitute our conclusions for that of the JCC. It is within the JCC's discretion to resolve a conflict in the evidence and make credibility determinations. Stacy v. Venice Isles Mobile Home Park, 635 *45 So.2d 1039, 1042 (Fla. 1st DCA 1994). Dr. Sheikh's testimony is not unsupported by logic and reason, as Claimant testified that he had no prior knee complaints, other than one minor injury, and no evidence was introduced to show that he experienced any arthritic pain prior to the accident. Cf. Arkin Constr. Co. v. Simpkins, 99 So.2d 557, 559, 561 (Fla.1957) (rejecting deputy commissioner's determination that a minor fall caused claimant's husband to suffer a fatal heart attack when the expert's medical opinion was based on an assumption, for which there was no record support, that the husband experienced symptoms between the fall and the fatal heart attack occurring two days later). The JCC, as factfinder, accepted Claimant's testimony as truthful, and we must therefore affirm.
BARFIELD and VAN NORTWICK, JJ., concur.